UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DARRELL ROGERS,

    Plaintiff,

v.

OCEAN MAX REALTY, INC., and
ALICIA VIGNALE,

    Defendants.
_____/

**COMPLAINT**
and
**JURY DEMAND**

    Plaintiff, Darrell Rogers, by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendants, Ocean Max Realty, Inc. and Alicia Vignale:

**PRELIMINARY STATEMENT**

    1.    This action arises as a result of Defendants' discriminatory actions perpetrated against families with children with respect to the sale, rental, and advertisement of a condominium unit located in Miami Beach, FL (the "Dwelling").

    2.    Specifically, Defendants have violated the Fair Housing Act by, among other things: 1) discriminating against Plaintiff in the terms, conditions, or privileges of the sale and rental of a Dwelling; and 2) making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the sale and rental of a Dwelling that indicates a preference, limitation, or discrimination based on familial status.

## JURISDICTION AND VENUE

3.     Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 2201, in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendants conduct business in this district.

## PARTIES

6.     Plaintiff, Darrell Rogers, is the father of two young children. Mr. Rogers is deeply committed to fair housing and the goals of the Fair Housing Act. Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendants.

7.     Defendant, Ocean Max Realty, Inc. is a Florida Profit Corporation.

8.     Defendant, Alicia Vignale is an individual who is and was an agent of Defendant Ocean Max Realty, Inc. at all relevant times. Defendant Vignale is a licensed real estate sales associate, who has been educated, trained, and tested in fair housing laws.

## FACTUAL ALLEGATIONS

9.     In early 2018, while looking through real estate advertisements, Mr. Rogers encountered a real estate advertisement for the Dwelling. The advertisement stated, among other things: "no kids."

10.    The advertisement indicated that Defendants were the listing agent.

11. Being familiar with Fair Housing laws, Mr. Rogers was insulted that the advertisement contained such overtly discriminatory language, in blatant disregard for Federal Fair Housing laws.

12. Upon information and belief, Defendants developed the text of the advertisement, including the text of the blatantly discriminatory restriction.

13. Mr. Rogers reviewed the Florida Commission on Human Relations's 55-and-over Community listings. As a result of his investigation, he determined that the condominium was not listed as a registered 55-and-over community.

14. Mr. Rogers, posing as someone interested in the Dwelling, contacted Defendants by email and inquired about the discriminatory restriction. Defendants reaffirmed the discriminatory restriction, and confirmed that the community was not a 55-and-over community.

15. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a father of two young children, Mr. Rogers was insulted, angered and emotionally distressed by the advertisements, statements and evidences of discrimination that he viewed and uncovered.

16. Mr. Rogers was and is saddened, angered, and insulted by the fact that the Defendants are banning families with children from residing at the Dwelling in 2018, nearly thirty years since the practice was outlawed. Mr. Rogers has spent a significant amount of time thinking about all the other families who got turned away or discouraged from inquiring about a housing opportunity at the Dwelling, because of their discriminatory prohibition, and while doing so, has felt the aforementioned emotions.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. This Count 1 is brought by Plaintiff against the Defendants.

19. Defendants are liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendants and their agents.

20. Defendant Ocean Max Realty, Inc. authorized Defendant Alicia Vignale to act for it when she committed the Fair Housing Act violations alleged herein. Defendant Alicia Vignale accepted the undertaking of acting on behalf of Defendant Ocean Max Realty, Inc. when she committed the Fair Housing Act violations alleged herein. Defendant Ocean Max Realty, Inc. had control over Defendant Alicia Vignale when she committed the Fair Housing Act violations alleged herein.

21. Defendants have violated the Fair Housing Act by, among other things: 1) discriminating against Plaintiff in the terms, conditions, or privileges of the sale of the Dwelling with respect to familial status; and 2) making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the sale of a Dwelling that indicates a preference, limitation, or discrimination based on familial status.

22. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendants' aforementioned discriminatory actions.

23. As a result of Defendants' actions, Plaintiff suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, emotional distress and insult.

24. In engaging in this unlawful conduct described above, Defendants acted recklessly or intentionally. This is evidenced, in part, by the fact that Defendants are licensed real estate

professionals, who have been educated, trained, and tested in fair housing laws; and despite such education, training, and testing, chose to engage in unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    declare the actions of Defendants complained of herein to be in violation of the federal Fair Housing Act;

B.    enter a permanent injunction enjoining Defendants, their successors, and their servants, agents and employees, and all those acting in concert with them, from engaging in discrimination based on familial status;

C.    enter a permanent injunction compelling Defendants their successors, and their servants, agents and employees, and all those acting in concert with them, to adopt policies, procedures and practices, which will ensure that no advertisements are published and no statements are made indicating a preference, limitation, or discrimination based on familial status;

D.    award compensatory and punitive damages to Plaintiff against Defendants for, among other things, the emotional distress and insult injury caused by Defendants' discriminatory actions;

E.    award Plaintiff his costs and reasonable attorneys' fees in this action; and

F.    award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994

- 6 -

josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
434 Skinner Blvd., #206
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff


By:  *s/ Shawn A. Heller*
       Shawn A. Heller, Esq.